Good morning, your honors. My name is Gary Huss. I'm appellate counsel for Jose Romero. I'd like to try to cut to the chase this morning. The problem I have with the motion to dismiss the robbery count was that the motion and the ruling came after the evidence was concluded, after the instruction conference was concluded, and after the trial judge had said he intended to give the lesser instruction of theft as to the robbery count. And the practical effect of the court granting the motion to dismiss was to deprive the defendant, Mr. Romero, of a chance to have the jury decide the crux of its case, which was that he was only guilty of theft, and to have them entertain that verdict. The other problem with that is that he could not, as a result, have the jury instructed on his theory of the case. In response to that, why wouldn't it be enough that the jury had the felony murder alibis and was instructed on that, so they couldn't convict Romero unless they had all those other things? I think it's not enough because it doesn't give – it doesn't afford the defendant to have them rule on his case. The essence of his case was that there was a lesser offense of theft to have them instructed on those and, more importantly, give them the opportunity to convict him of a different offense, which was what his case was all built around. But this is a – okay, has the Supreme Court ever said that there has to be a lesser offense instructed in other than a death penalty context? I'm sorry, I don't understand the question. Well, this is an ADPA case, isn't it? So you have to get relief. I think, unless I'm mistaken, you have to show that what the trial court did in the state was contrary to federal laws established by the Supreme Court. I understand, and – My question was, has the Supreme Court ever held that there's an obligation to give a lesser-included offense instruction? I think they have in death penalty cases, but apart from that, I'm not aware of it. Nor am I, and so I'm not aware of any other case. So if they have not said that, then how can your client be indebted to relief in this case? Well, I would argue that he's been deprived of due process and the right to a fair trial based on a constitutional standard, a federal standard, under the circumstances of this ruling. And other than that, I have no further argument. Yes. Okay. The second problem I have with the case is the ineffective assistance of counsel, and I'd like to focus simply on two failures. The failure to object to what the defense has argued was a distortion of the timeline. The practical effect of that was to expand the time frame and to increase the likelihood that a jury would find that the defendant had knowledge of the victim's presence. And then the second failure that I see of effective assistance is the failure to attack the interview statement for so many of the prejudicial portions, such as reference to what other people said, reference to him admitting to being involved in the crime, or laughing about the murder incident. Those should have been attacked by trial counsel, and I can see no reasonable, legitimate trial strategy for admitting those in and not trying to exclude them. And so for those reasons, I believe there was ineffective assistance of counsel. And unless there's questions, that would conclude my remarks. Okay. Are there any further questions? Thank you, counsel. May it please the Court. Justin Riley on behalf of the Warden. All of Appellant's arguments center around his argument that at trial that he didn't know the victim was in the car at the time of the murder. And so I'll quickly go through the four arguments, and I'd love to entertain any questions. As to the first one, dismissing the robbery count, this is probably a State law claim, but if this can be construed as a denial of a defense, as Judge Gould mentioned, the jury was fully instructed on whether or not they could convict of murder based on whether the victim I'm sorry, based on whether Appellant knew the victim was in the car. Intent was very clearly spelled out in each of the instructions. If the jury believed that Appellant did not know the victim was in the car, the ruling was a ruling of acquittal. That was the only thing available to them. All or nothing was not the case here. First of all, as Judge Gould touched on, there's no clearly established Supreme Court precedent that allows the all-or-nothing approach to be applied in a noncapital case. So for that reason, this claim fails. But also, the State courts reasonably applied Shad and Beck, the all-or-nothing cases from the Supreme Court. They found that although Shad and Beck set forth an all-or-nothing approach, the all-or-nothing is death or complete acquittal. And this Appellant's case is not this kind of situation where a jury would be faced with the same sort of all-or-nothing approach. If the jury in this particular case thought that the Appellant was guilty of some sort of theft offense, they wouldn't necessarily go straight to, okay, well, we need to convict him of something, so it has to be murder. It just doesn't make sense, as the State court found. So even if Shad and Beck applied here, it was a reasonable application of those two cases to deny the claim. As to the ineffective assistance of counsel claims, the prosecutor and the timeline. The prosecutor himself predicated his argument on the two facts that both the witnesses presented a varying description of the timeline. The prosecutor said that in his closing argument before he made his argument as to the timeline. He also said, and this is very important to the jury, that my argument is not evidence. And if you believe that the evidence shows something else, I'm just presenting argument here. Not only did he say that right before his argument, the trial court instructed, according to a pattern instruction, the same sort of instruction in this case. So if the – if it was unreasonable for the jury to believe the prosecutor's version of the events, then we presume that they did not, because they were fully instructed by both the prosecutor and the trial court that his argument both was based on conflicting evidence at trial and that it was just argument. As to the hearsay, the district court noted that – and the State court also noted that there were many benefits of allowing the hearsay evidence in at trial. And defense counsel actually expounded on or brought out more, elicited more evidence regarding the hearsay testimony because it buttressed his defense at trial. And the district court thoroughly explained that. And as to the instructional error, as I've stated in my brief, and as the – all courts have found that have reviewed this issue, the jury was thoroughly instructed as to the elements of the offenses here and the intent element, or whether or not to the victim, the appellant knew the victim was in the car, was thoroughly explained to the jury. I'd love to entertain any questions. Thank you. Thank you. Anything further? Submitted. Okay. Thank you. The case is submitted for decision.
judges: Schroeder, Thomas, Gould